UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

DAVID M. GRIPP, Plaintiff,

v. Civil Action No. 3:15-cv-89-DJH

GAMBLING AND GAMING COMMISSIONER, Defendant.

\* \* \* \* \*

**MEMORANDUM OPINION**

Plaintiff, David M. Gripp, filed a *pro se*, *in forma pauperis* complaint against the Gambling and Gaming Commissioner (DN 1). This matter is before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons set forth below, the action will be dismissed.

**I.**

In the portion of the complaint which asks Plaintiff to state the grounds for filing this case in federal court, Plaintiff states: "Not getting me paid and getting my bisness done state and just from gambling commish." In the portion of the complaint form which asks Plaintiff to state his claim, Plaintiff states: "Well I have bisness with the courts and have gottin into gambleing with jurgestinal liseded branches and just bisness[.]" Finally, in the "Prayers for Relief" section of the complaint form, Plaintiff asks for: "run my name and social threw every judicial lised bisness computer and gameling"; "talk to and use passed record about ther not getting me paid and the seckrets listing devises"; "get my proceed's from gambelling and what Im entitled to [illegible] past cases and fileings"; and "understanding what I have done and won gambling and made."

## II.

Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In other words, "a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (citations and internal quotation marks omitted).

In the instant case, Plaintiff fails to provide material facts in support of any viable legal theory against the Gambling and Gaming Commissioner, which is not a recognized federal, state or local government office. Even under the most liberal of constructions, the Court cannot discern any cognizable cause of action based on this allegation. Plaintiff fails to place the defendant on notice as to any claim(s) against it, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (indicating that the short and plain statement of claim must "'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests'") (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *abrogated on other grounds by Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)), and the complaint is simply too vague and sketchy to state a cause of action under any legal theory.

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519 (1972), the duty "does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979). Additionally, this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To do so would require the

"courts to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

The Court will enter an Order consistent with this Memorandum Opinion.

Date: May 22, 2015

**David J. Hale, Judge
United States District Court**

cc: Plaintiff, *pro se*
4415.009